thank you your honor may please the court Donnie Cox on behalf of repellents and plaintiffs in this action your honor this is a judicial deception case as well but I think the deception is pretty clear and this is an allegation made in a pleading opening plea that the social workers in this case represented to the court that the parents either were not available or did not wish to have their kids examined and more importantly that even if they were examined they didn't want to be present for that and so or that they couldn't find them and all of those statements were false our clients never heard about that finding it seems to me to be a very peculiar it's a form document and one would think that the judge is supposed to say which is so there are sort of mutually exclusive so I don't see how they can be a fact well your honor as far as you mean the fact about whether whether the social workers gave them this or they weren't available or they couldn't find them they're not just exclusive things and nobody ever determined which they were correct well nothing in the order is true and I'd start with the fact that the order says the County of San Diego Health and Human Services Agency has made reasonable efforts somebody had to tell the court that the Health and Human Services Agency made that representation I mean so they had to tell the court that it also is it's there a detention report that's actually in the record it's itself I believe that there is your honor I'm not absolutely positive you're talking about it the detention report itself that was filed with the with the measure yes there is your honor and I don't have okay I'm sorry I don't have the I don't have the EOR in front of me but there is a detention report in the record it also that detention report is absolutely silent on the issue of the physical exam of the children there is a report prepared by Lisk and Jamison yes your honor and and let me let me just say from the outset that you're absolutely correct Lisk and Jamison made that wrote that report and signed it Lisk and Jamison were the only social workers assigned to this case Lisk and Jamison were the only social workers communicating with the court Lisk and Jamison what is the record say or what is the complaint allege about what kind of application was submitted to the court by whom to get the the medical exam order or what there is no application that we can find your honor the question is what's the allegation the allegation is well the allegation is is that that the the social workers either represented orally or in writing to the to the court that the things that you see in this order they had to do that and if that's the case and it had to be the case then sometime before or Lisk Jamison or Doe's and or Doe's went through 15 questions does that matter submit a request that the court signed an order authorizing medical examination and the order then it pokes the order and at this time it submitted the request to defendants Lisk Jamison and Doe's went through 50 knew that the information they provided was false they knew that they were present that's what it says that that's correct your honor that that is the allegation and keeping in mind that this is the opening salvo in this case the only documents that we have so far the documents that we got from the juvenile court that through an 827 request through the welfare institution code section 827 we haven't taken any depositions yet in this case we don't have any any other documents other than the documents that we've referenced in the complaint and you know if if I if I could for just a second you know I you know as we were getting preparing for oral argument I realized that first of all this is the second amended complaint but we really only had one ruling from the court before the ruling dismissing the case without leave to amend and in that first in that first ruling the court seemed to focus the district court seemed to focus a lot on Rucker Feldman and so we went through the you know the explanation of why challenging the deception of the court similar to the prior case where the allegation is that the court issued an order that was deceptive and through deception so basically yeah do I understand you correctly you're saying you're still you're at the complaint stage correct correct the question is whether on its face the complaint adequately argues alleges judicial deception correct and if I could correct your honor so you know earlier I'm sorry that I can think of is that it right your honor and you know we we actually thought about that we were getting ready for oral argument we talked about the reason we did that we know that Lisk and Jameson were the only two social workers on this case that were assigned to the case we know if we didn't say that specifically in the complaint at paragraph 20 of the complaint we started through 24 we list all of the obligations that they had but we probably should have started that with and Lisk and Jameson were the only two people on this case that could have made any representations to the court and so but the reason we added the and or does 1 through 50 is that it's possible that Lisk and Jameson had a conversation with another social worker who then told the court that but that doesn't really matter because if Lisk and Jameson told those other social workers to tell the court that these parents you know either weren't kids examined and didn't want to be present then then there there is a culpable is the social worker who told the would they still be culpable if the if some you know Joe had had the conversations and relayed false information to them which they then repeated but didn't have any participation in the falsity well your honor there's no way that anybody else would have done that because the answer is the answer is probably yes but the problem with that is nobody else had any conversations with these social workers or with the parents other than these two social workers they from the 18th of March to the 22nd of March when the physical exam took place there were no other social workers involved in this yes your honor the inference stronger yes your honor I think we we certainly if you know we certainly could amend the complaint to add the fact that Lisk and Jameson were the only two social workers on this case and were the only two social workers. The complaint wasn't adequate in alleging that these were the responsible people I mean that's that's what was ultimately held is that right? Right your honor what the court held what the court held was is that they couldn't infer from the complaint that these were the only two social workers that could have made these representations we can certainly because they said that there were no facts well I just listed a few of the facts they were the only people filing documents they were the only people that were at the or that were having conversations with the court they were the Lisk was the only social worker at the detention hearing and the detention hearing there in the order of the detention hearing there's no mention of a physical exam our clients you know there's a couple of other issues that were raised well you know the courts not a notice that the exams were going to take place after the court signed the order but you know counseled his you know knowledge that you know that they have a three days to do that by the time they would have gotten that order there was the exams would have taken place and there was no way to appeal that if you can't unexamined the children the exam took place without a court order for without without action circumstance without our clients having an opportunity to discuss the matter with the court and and just as importantly not having the ability to be pressed and you know so that's it but we can certainly add you know much more in the way of context to that for the court if given the chance to amend as far as the chance to amend the district court has actually rejected efforts and as it not it has your honor and we think that that under these circumstances and abuse is abusive discretion mainly because we could have added we could and this court this court has said and you know in numerous on numerous occasions leave to the point of can correct the defect and the defect here is that the court said that there weren't enough facts to for the court to say that these particular social workers were the ones who gave this misinformation to the court and I think that would you agree that the district court did not analyze this case in terms of judicial deception I'm not sure that the violation did not address judicial deception do you agree with that I'm not sure I agree your honor I think that what they I think that they said that they didn't know she couldn't tell whether there was judicial deception she just said that you know there was not enough there weren't enough facts to determine whether or not and and Jemison were the ones who deceived the court I mean I don't think there's any question the parents had a right to have a due process hearing if there were if the court was going to order the examination I don't think there's any question they had a right to be present absent an order from the court saying they couldn't be which takes me to the issue of the Manel claim and and again I think we can we can correct any defect in plain by adding those pertinent facts and this course has said time and time again that we should be allowed to do that I think that it's pretty clear if you if you look at the policies and practices that were that were put into evidence in the district court they have a policy in the county does of asking parents to sign these authorizations to allow for the examinations and part of that is and you know they have it they say and if there is an exam do you want to be president will try to make it press there is no such policy or no such provision for if a court order an examination so so for instance in this case when the court ordered the examination on the 22nd on the 21st the exam was on the 22nd the social workers were in the courtroom the list was in the courtroom with the parents and didn't bother to tell the the parents that well it may be it may have been since the focus is on judicial perception unless you see there's a focus that the policy is to light of the court about what about the issues in the form do you have any evidence of that policy alive before your honor I apologize I have my earphones in it I'm sorry but anyway is there a pause are you a legend did you imagine there's a policy of lying to the court honor it they use that they use the fact that they never believe that that parents have a right to be president these exams and they don't believe that the exams and what are the ways of implementing is this to get a court order and one of the ways that they say that they're doing this is by getting the court to claim unless you have a policy of lying to the court you don't have a policy do you well you're right it's really not a policy as much as a practice and custom and you know their practice your honor as far as doing the physical exams the practicing custom of doing physical exams without parental consent is that is the policy practice issue it's not really the judicial deception issue the problem that the county I'm sorry it's it's the custom in practice no you know there's no Rucker Feldman problem here we're not challenging the policy of we're not we're not challenging the court's order for the physical exam we're challenging the fact just like in the last case challenging the fact that they use deception to get this particular order what they did was they you know they they told the court all of the things that were in what was ultimately signed by the court and that's the allegation to remember we're still at the pleading stage here I mean we just we've made these allegations and the and the allegations were supposed to be taken as true so our position has always been in the court the district court found that Rucker Feldman didn't apply I mean they did find that Rucker Feldman did not apply here so I think that you know we didn't we didn't spend a lot of time on that in the briefing because it really you know we didn't spend a lot of time on that in the district court and the district court agreed with us ultimately after the second okay so thank you very much and we'll give you a minute thank you morning yours and may it please the court Jeff Michalowski for the county of San Diego and for the individual social worker defendants Anita Jimison and what the second minute complaint actually says about deception because there was some arguments just now and in the briefs that claims that my my clients and specifically the two social worker defendants made misrepresentations to the court and if that were true that would obviously be very serious but that's just not what the complaints actually say and I think it's important that would be very precise about what has been alleged plaintiffs do allege that the county representatives asked the court to sign a form order representatives not Jimison-Lisk it was Jimison-Lisk or Doe's and or Doe's one through fifty they also allege that they were aware that the form included factual findings that were not accurate and they allege that the court went ahead and signed that form order but there's nothing here about any affirmative misrepresentation well isn't it why isn't it a reasonable plausible inference from those allegations that when the court makes findings that are not true and it does so based on the application and representations of the persons who requested it that those persons didn't give the court truthful information why is that not a plausible inference well your honor there's two issues and the first is that the allegation is as to Lisk, Jimison and or Doe's one through fifty now but he said that he could amend the complaint to say there was no one else involved so it's just those two they were the only ones assigned to the case so it's them he's essentially said he would he would amend to make that allegation so so why can't we infer that one of them or both of made false representations in the court that caused it to make findings that are untrue well I think he would have problems making that amendment because he previously alleged a widespread civil conspiracy within the county to deprive these individuals of their constitutional rights he's abandoned that he implements the conspiracy if these two people did this thing then they did it well your honor the plaintiff has an obligation to have allegations specific to the individuals and I think there are reasons in this case to hold plaintiff to that standard first of all it's first of all usually when those are there they're kind of throwaways maybe something's gonna show up second of all he says he can explain why he can strengthen the inference that it was why he is had the opportunity to do that in this case we're actually further along in the investigation than we would be in almost any other case because plaintiff has received records from juvenile court plaintiff has received county's agency's files it's received once these children's centers files the authorizations the release of those records are in the excerpts of record so they already have a lot of key files including the juvenile court file and they haven't been able to identify any misrepresentation and really importantly let's say we took out and where it goes went for 50 we took that out it says that they I mean I don't even see why how you can say that this isn't there isn't any inference one needs to make they submitted a request that the court order sign an order a quote order and the order states in pertinent part which I understand to me that they submitted this piece of paper that says the following which is a representation that one of these facts is true and they asked the judge to sign it so why didn't they make why isn't the order itself the representations it could be your honor if if we says that and and it seems to be true that if you give a judge an order that says sign this you're telling them that what's in it is true not not necessarily your honor and I think ties in with the the qualified immunity analysis because if a social workers submitted a knowingly false statement to the court especially one signed under penalty of perjury which which these documents are not that I think would be a violation clearly established the above order defendants lick Jameson we have for the moment those ones were 50 knew that the information they had provided the court was false I don't know what what could be more specific than that they know that no effort have been named they know that they were never told they do X Y and Z again we have a problem with the does all right we also have a problem with qualified immunity and then we also have a problem with the cases say specifically that you if you lie to the what's the data in order to remove a child you've got a problem the the qualified immunity cases aren't so clean-cut if there's a knowingly false perjured statement to the court yes that's clearly established certainly but what the qualified immunity cases also teach us is that a negligent submission a mistake an oversight these things are not sufficient to defeat qualified immunity and I put the court to the decision in this court's decision in Jessup okay can I ask you again focus asking to return to the the posture of this litigation we're at the stage now you're making arguments as to what the facts ultimately might reveal veal and you may be correct but the question now is really isn't it whether the complaint survives a challenge 12b6 challenge there's enough in the in violation of rights isn't that the case I yes I think that's a fair framing I'd add that the obligation falls on the plaintiff he has the burden of possibly likely that it has to be judicial deception by these particular defendants not by the end yeah and I want to go back to what I think is a really before you do that before you do that I just ask the question about the state of the record that we have record is there actually a detention report or any documents that have been submitted by Jemison and Lisk to your knowledge detention report included in the record you can correct me if I'm mistaken on that but my understanding there is none my understanding is that it was in the record we have memorialization of the proceedings that went on in the juvenile court those are annotations and notes by the judges and those don't reveal any sort of misrepresentation do you know how this application I mean how this the record is is essentially silent on that we have plaintiffs allegations what we have is some county representative provided this proposed order court size is it done in an open court was it done ex parte the record is is silent on that but I pardon I thought the record establishes that it was not done in open court well it was not done in court when the parents were there I mean the record you get complaint yes plaintiff does allege that and the a couple of points that I really want to get back to here plaintiff step back for a minute isn't this a way to conduct litigation I mean shouldn't we simply we have a set of allegations they're pretty close in shouldn't we find out what happened ie go to the summary judgment stage I understand that Iqbal and promptly have changed the rules somewhat but to the degree that we're going to spend three years arguing about what's in a complaint instead of actually finding out what happened I think this case presents an even stronger reason to affirm the dismissal and it's because number one discovery has already happened and number two really importantly and this is a line with Rooker Feldman problem which is that plaintiffs could have developed this record further in the state court they could have filed a motion for reconsideration they could have taken step what was the point of the reconsideration well they would need to there's there's two points to the reconsideration number one they need to vacate the order of the state court before they pursue relief in federal court that's the basic concept of Rooker Feldman there's also a special issue here which is that that medical authorization order it wasn't a one-time authorization of these Polinsky examinations that they're now challenging it was a very broad authorization were once you to conduct physical mental dental ongoing examinations so even I agree with plaintiff the original examination could not be undone done we still have every incentive to challenge that order in the state court proceedings and they chose not to and I think this is very important they actively litigated in the state court they challenged the the removal of child all the way through a determination months and months of litigation represented by counsel the child was represented by separate counsel so they wanted to mount a challenge medical authorization they could have done so in the state court they also took it to the Fourth District Court of Appeals and took it all the way to a merits determination so this is a case where plaintiffs not only had the opportunity to address these state issues in state court they addressed other issues but declined to address the ones that they're now bringing to the federal district court and now this court in the first on appeal I just want to ask about the record are you're not asking for judicial notice you're challenging the district courts refusal to exhibit this to consider this exhibit K we are not challenging the district courts determination with respect to about that document below as to why you sought it and it if I'm reading it correctly it seems to say mom consented I don't know what any of this means that that's correct the document which played the challenges unauthenticated did reflect a communication it appears to reflect communication the between social worker and the district court I believe it denied judicial notice as moot and we're not telling that on on appeal so we're not relying on that document I see that my time is short and I'd like to turn to the manel claim which seems to me to be relatively straightforward because what plaintiff is challenging here is is not any policy of the county what they're really claiming is that the individual social workers violated a county policy that's that's sort of the conceptual inverse of a monel claim that it just doesn't fit there's no allegation of any prior violations there's no factual allegations regarding any failure to train like that so the manel claim is just a really poor fit in this case qualified immunity is also the district court found qualified immunity I think that was correct and again I think actually address this on the front end which is that plaintiff needs to find a case addressing very closely similar facts and given this gap in their that's very different than yes accepting plaintiff's allegations as true as we it doesn't have to be accurate but it has to be enough to put any reasonable social worker on notice there's a reasonable social worker knew that he was telling the court that X Y & Z happened by presenting an order and asking the judge to sign it and that X Y & Z were not true what else would he have to know to know that it wasn't judicial deception constitutional because we know that the qualified immunity jurisprudence allows mistakes inadvertence even negligence and even back what more the individual social workers would have to know if the complaint were true you know they were violating constitutional rights what's what what what competent social worker wouldn't know that it's the facts alleged were true well I think a competent social worker would agree with that that's established however we have to look at what plaintiff's actually alleged again it's not these two particular social workers it's these two or 50 others if they did it with reckless disregard yes I think that gets into the into the territory but there's no allegation of intent or recklessness there there's there's no allegation that negates negligence inadvertence a mistake and I think knowledge of something is totally consistent with an honest mistake inadvertence neglect but that's not sufficient to deprive them of qualified immunity so if you know a fact and you represent the opposite I think it would fall under the qualified immunity line of cases that say that government officials get breathing room to make mistakes and submission of a form a one-page form order that has some detail in it it's entirely consistent with plaintiff's allegations it's probably more plausible that the social workers submitted a form to the court without intentionally deceiving I see that I'm in this case that there were mistakes by the social worker we allege that what they did they knew that they knew those what they gave to the court was false we could also add you know with reckless disregard as pointed out by judge Katzman in a medical complaint we have we have said all along that the social workers that their clients had no knowledge of either the physical exam that happened at Polinsky or for that matter even the order itself until this case was complete with the you know the we didn't know we didn't get the juvenile court records and our clients didn't have the juvenile court record and they never got an order from the signed by the by the judge in this case we didn't get that until we got some records from the juvenile court as a result of this lawsuit so that was the first time that we were even aware that that our clients had there was an order signed by a court so it's it's it's either kind of beyond comprehension that you know the allegation would be well maybe it was a mistake that's not what we've alleged and and right now we're at the pleading stage and we should you know we can we can certainly tighten up the complaint but I think even without that I think that you know as you said presumptive we have we have alleged that these social workers lied and that that should be enough that we can certainly amend the complaint make it tighter
judges: Berzon, Katzmann, Collins